# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COREY SMITHERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-01950-JHE |
| ) | |
| CHOW LAO LIEW, LLC d/b/a HOKKAIDO ) | |
| JAPANESE STEAK AND SUSHI BAR, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION

This is a Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), case in which Plaintiff Corey Smitherman ("Smitherman" or "Plaintiff") seeks payment from his employer Defendant Chow Lao Liew, LLC d/b/a Hokkaido Japanese Steak and Sushi Bar ("Defendant") for unpaid wages pursuant to 29 U.S.C. §§206, 207, and 216(b). The parties jointly move for approval of their settlement. (Doc. 15). For the reasons stated below, the parties' motion, (doc. 15), is **GRANTED**, and the settlement is **APPROVED**.

### I. Facts

**A. Background**

Plaintiff filed this FLSA action on October 30, 2015. (Doc. 1). The crux of Plaintiff's claim is that Defendant required him to participate in a mandatory tip-sharing scheme that included non-tipped employees. He further claims he was required to spend a substantial amount of time on non-tip producing activities. According to Plaintiff, this resulted in Defendant misapplying the tip credit and misappropriating his tip earnings. Defendant has denied all allegations, on both a factual and legal basis. The parties dispute the existence and amount, if any, of any uncompensated and/or undercompensated work.

The parties have represented that counsel has exchanged documents and personal data in connection with the evaluation and negotiation of this settlement. Plaintiff's counsel has performed an independent analysis of time and payroll records and compared those with Plaintiff's claims and allegations. After an independent analysis of the disputed facts and the law, the parties negotiated and determined the settlement amounts to be paid to Plaintiff as set forth below.

The parties have further represented that Defendant also provided Plaintiff's counsel with labor reports for Plaintiff's entire tenure. These documents showed the following relevant information: (1) date, (2) job, (3) time in, (4) time out, (5) regulate rate of pay, (6) regular hours. Plaintiff's counsel analyzed this data by having staff enter the data into an excel sheet to perform independent calculations for backpay based on total server hours. Based on this independent analysis, Plaintiff's counsel calculated Plaintiff worked one thousand four hundred twenty four (point) sixty five hours (1,424.65 hours) as a server. For those hours, Defendant paid Plaintiff only $2.50 per hour as Defendants claimed $4.75 per hour. Accordingly, Plaintiff completed the following calculation: 1,424.65 X $4.75 per hour = $6,767.09 in backpay. Next, Plaintiff calculated an equal amount of liquidated damages to arrive at a gross settlement amount of thirteen thousand five hundred thirty four dollars and eighteen cents ($13,534.18).

Additionally, Defendant agrees to pay six thousand four hundred sixty-five dollars and eighty two cents ($6,465.82) in attorneys' fees and costs in light of the costs, work performed, hours spent, likely awardable hourly rates, as well as in an effort to expedite payment to Plaintiff and avoid costs and delay associated with continued litigation and a fee petition. This amount did not compromise or reduce Plaintiff's FLSA claim and was determined separate and apart from Plaintiff's settlement amount.

**B. Terms of the Settlement**

The terms of the parties' settlement are as follows:

(a) The Defendant shall pay Plaintiff Corey Smitherman aggregate gross settlement proceeds of **$13,534.18** by paying to him one $6,767.09 payment, denominated as wages, less the deduction of any taxes and any amounts required by law to be withheld from that check, and a second payment of $6,767.09 as liquidated damages from which there will be no amounts withheld.

(b) The Defendant shall pay Plaintiff's counsel, for attorney's fees and costs of this action, the collective total amount of **$6,465.82**;

(c) Neither the payments herein nor the Order Approving Settlement shall constitute or shall heretofore be represented as an admission, finding, conclusion or judgment of an FLSA violation on behalf of the Defendant or liability to the Plaintiff, or any other violation or liability whatsoever, including liability for liquidated damages, as a primary motivation for the Defendant's agreement to a resolution of this matter was to avoid the uncertainty and additional expense of continued litigation.

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the court stated "there is only one context in

which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

Here, the parties have a legitimate dispute as to whether Defendant's practices constituted the misapplication of the tip credit or misappropriation of Plaintiff's tip earnings. The Defendant's settlement offer (as set out in the terms above) is an appropriate amount for the disputed unpaid wages. The proposed settlement agreement also contained an agreed-upon attorney's fees and costs amount. "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, No. 6:10-cv-457-Orl-31KRS, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). Because the attorney's fee was separately negotiated, Plaintiff's recovery clearly was not affected by the amount of the attorneys' fee. The court has considered the amount of the fee and finds it to be reasonable.

### III. Conclusion

The court finds Plaintiff's claims represent a bona fide dispute over FLSA provisions, namely FLSA coverage and the amount of his backpay, if any, and further finds the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

Therefore, the parties' Joint Motion for Approval of Settlement is **GRANTED**, and the settlement is **APPROVED**. A separate order will be entered.

DONE this 14th day of March 2016.

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE